IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ALEKS RECHANIK, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. 14 C 1453 |
| | ) | |
| v. | ) | Judge Amy St. Eve |
| | ) | |
| RITA B. GARMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court grants Defendants' motions to dismiss [17, 23, 24] with prejudice and dismisses this lawsuit in its entirety. All future hearing dates are stricken. Civil case terminated.

## STATEMENT

On February 28, 2014, pro se Plaintiff Aleks Rechanik filed a ten-count Complaint alleging constitutional violations against numerous Illinois state court judges, the Village of Zurich's attorney, and the Clerk of the Circuit Court for the 19th Judicial Circuit. *See* 42 U.S.C. §1983. Before the Court are Defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, the Court grants Defendants' motions to dismiss and dismisses this lawsuit in its entirety.

## LEGAL STANDARDS

### I.      Standard Under 12(b)(1)

The standard the Court employs on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction depends on the purpose of the motion. *See Apex Digital, Inc. v. Sears, Roebuck & Co.,* 572 F.3d 440, 443-44 (7th Cir. 2009); *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (en banc), *overruled on other grounds by Minn–Chem., Inc. v. Agrium, Inc.,* 683 F.3d 845 (7th Cir. 2012). If a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *See Apex Digital,* 572 F.3d at 443-44; *United Phosphorus,* 322 F.3d at 946. If, however, the defendant denies or controverts the truth of the jurisdictional allegations, the Court may look beyond the pleadings and view any evidence submitted to determine if subject matter jurisdiction exists. *See Apex Digital,* 572 F.3d at 443-44; *United Phosphorus,* 322 F.3d at 946. "Where jurisdiction is in question, the party asserting a right to a federal forum has the burden of proof, regardless of who raises the jurisdictional challenge." *Craig v. Ontario Corp.,* 543 F.3d 872, 876 (7th Cir. 2008).

## II. Standard Under Rule 12(b)(6)

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff,* 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). When ruling on motions to dismiss, courts may also consider documents attached to the pleadings without converting the motion into a motion summary judgment, as long as the documents are referred to in the complaint and central to the plaintiff's claims. *See Geinosky v. City of Chicago,* 675 F.3d 743, 745 n.1 (7th Cir. 2012).

## BACKGROUND

Construing Plaintiff's pro se allegations liberally, *Ambrose v. Roeckeman,* 749 F.3d 615, 618 (7th Cir. 2014), the present lawsuit arose from a citation for a violation of the Village of Lake Zurich's ("Village") building code. (R. 1, Compl. ¶ 23.) During these state court proceedings, Plaintiff petitioned the Circuit Court of the Nineteenth Judicial Circuit in Lake County, Illinois to mandate the Village to provide proof of the citation's validity arguing that the citation proceedings were illegal. (*Id.* ¶¶ 24-30.) After the Circuit Court conducted a hearing in May 2012, the Circuit Court found in favor of the Village. (*Id.* ¶ 24.) Plaintiff then filed a motion for leave to file a counterclaim and motion for reconsideration that the Circuit Court denied in November 2012. (*Id*. ¶ 32.) On February 1, 2013, the Circuit Court entered judgment in favor of the Village in the amount of $439.00. (*Id.* ¶ 34.)

Plaintiff filed a notice of appeal and then an appellate brief in the Second District of the Illinois Appellate Court arguing that there were numerous defects in the Circuit Court's order (*Id*. ¶¶ 33, 35, 39.) On June 14, 2013, the Illinois Appellate Court affirmed the Circuit Court. (*Id*. ¶ 40.) On July 2, 2013, Plaintiff filed a petition for rehearing en banc to the Illinois Appellate Court, that the court denied on July 11, 2013. (*Id*. ¶¶ 44, 45.) Plaintiff then filed a pro se petition for leave to appeal before the Supreme Court of Illinois on August 12, 2013, that the Supreme Court denied on November 27, 2013. (*Id*. ¶¶ 46, 47.) Thereafter, Plaintiff filed a motion to reconsider to the Supreme Court on December 28, 2013, that the Supreme Court denied on January 13, 2014. (*Id*. ¶¶ 48, 40.)

On January 25, 2014, Plaintiff filed a "Motion for Separate and Supplemental Opinions from All Justices of the Court's January 13, 2014 Order Denying Reconsideration." (*Id.* ¶ 50). The Clerk of the Supreme Court, Defendant Carolyn Taft Grosboll, returned Plaintiff's motion with a letter stating that the Supreme Court is not required to issue an opinion with every order that it issues. (*Id.*)

Plaintiff then filed this lawsuit on February 28, 2014. In his Complaint, Plaintiff alleges Fourteenth Amendment due process claims relating to the building code violation and its adjudication. Plaintiff seeks over $3.5 million in damages.

## I. Judicial Immunity — Counts I, II, VIII, IX, and X

In Counts I, II, VIII, IX, and X of his Complaint, pro se Plaintiff alleges various due process violations against Defendant Illinois Supreme Court Justices Rita B. Garman, Charles E. Freeman, Robert R. Thomas, Thomas L. Kilbride, Lloyd A. Karmeier, Anne M. Burke, and Mary Jane Theis, as well as Defendant Illinois Appellate and Circuit Court judges Robert D. McLaren, Joseph E. Birkett, Kathryn E. Zenoff, Christopher B. Morozin, as well as Carolyn Taft Grosboll, Clerk of the Supreme Court of Illinois.

"The doctrine of absolute immunity protects the integrity of the judicial process by ensuring that timorous judges can act on their best view of the merits, rather than trying to limit harassment by disappointed litigants." *Coleman v. Dunlap*, 695 F.3d 650, 652 (7th Cir. 2012). "Immunity also allows all judges to conserve (for the benefit of other litigants) time that otherwise would be spent dealing with those harassing suits." *Id.* In particular, "[a]bsolute judicial immunity shields judicial and quasi-judicial actors from liability for civil damages arising out of the performance of their judicial functions." *Killinger v. Johnson,* 389 F.3d 765, 770 (7th Cir. 2004). Judicial immunity "applies even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray,* 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).

In his Complaint, pro se Plaintiff does not allege that Defendant state court judges acted outside or in excess of their official judicial role and authority. Indeed, Plaintiff's allegations against these Defendants are specifically based on their respective roles as judges in their official capacities. (*See* Compl. ¶¶ 26-30, 32, 46, 54, 85.) In addition, Plaintiff is seeking monetary damages against these state judicial officers for acting within their judicial capacities, and thus Plaintiff's allegations fall squarely within the constricts of judicial immunity. *See Smith v. City of Hammond, Ind.,* 388 F.3d 304, 306-07 (7th Cir. 2004). Last, Plaintiff's claim against Defendant Grosboll, the Clerk of the Supreme Court of Illinois, in her official capacity, is barred by the Eleventh Amendment. *See Indiana Protection & Advocacy Servs. v. Indiana Family & Social Servs. Admin.,* 603 F.3d 365, 370 (7th Cir. 2010) (The Eleventh Amendment "bars actions in federal court against a state, state agencies, or state officials acting in their official capacities."). The Court therefore dismisses the judicial Defendants and Defendant Grosboll from this lawsuit, as well as Counts I, II, VIII, IX, and X with prejudice.

3

## II. Claims Against Defendant Luis Albarran — Counts III, IV, and V

In Counts III, IV, and V of the Complaint, pro se Plaintiff brings claims against Defendant Luis Albarran, the City Attorney for the Village of Zurich, who prosecuted the violation of the Village's building code against Plaintiff. "Prosecutors, like judges, enjoy absolute immunity from federal tort liability, whether common law or constitutional, because of 'concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust.'" *Fields v. Wharrie,* 740 F.3d 1107, 1110 (7th Cir. 2014) (quoting *Imbler v. Pachtman,* 424 U.S. 409, 423, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)). Accordingly, Albarran is immune for the acts he committed within the scope of his employment as the Village's prosecutor. *See Fields,* 740 F.3d at 1110.

In Count III, Plaintiff alleges that Albarran violated his due process rights by willfully ignoring Plaintiff's demand that the Village's building/zoning department breached a contract and that it must pay Plaintiff damages. (*Id.* ¶ 62.) Because Plaintiff's due process allegations against Albarran in Count III involve Albarran's conduct in relation to the judicial proceedings concerning the building code violation, Albarran is entitled to prosecutorial immunity as to this claim. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 270, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993). In Count IV, Plaintiff alleges that Albarran failed to prevent a conspiracy with the Circuit Court judge because Albarran participated in the trial process as the Village Prosecutor. (Compl. ¶ 66.) Again, Plaintiff's allegations involve Albarran's participation in the trial process, and any such conduct is protected under prosecutorial immunity. *See Polzin v. Gage,* 636 F.3d 834, 838 (7th Cir. 2011). Moreover, because Plaintiff has failed to allege a valid due process claim against a non-immune Defendant, he cannot sustain a conspiracy claim because there is no underlying constitutional violation in the first instance. *See Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008) ("conspiracy is not an independent basis of liability in § 1983 actions").

In Count V, Plaintiff alleges that the Village filed a response brief on September 28, 2012 concerning his motion for reconsideration and that this filing date is false because it was not in the trial court system. (Compl. ¶ 42.) Plaintiff further alleges that this response brief did "not correspond [to] the basic rules of legal documentation, since it proposed to deny all motions but non substantiated, as an indispensable requirement any judicial documentation — that is substantiated portion." (*Id.*) Also, Plaintiff alleges that Albarran destroyed the legal process by filing a judicial document, presumably the September 28, 2012, response brief, after which some unknown person in the clerk's office back-dated the document. (*Id.* ¶¶ 69, 70.)

Plaintiff's allegations in Count V that Albarran's conduct constituted fraud on the court — based on an unknown person in the clerk's office back-dating the response brief — are untenable. Fraud on the court refers to egregious conduct that corrupts the judicial process itself, such as bribing a judge or using false documents. *See Oxxford Clothes XX, Inc. v. Expeditors Int'l of Wash., Inc.,* 127 F.3d 574, 578 (7th Cir. 1997); *see also Matter of Whitney-Forbes, Inc.,* 770 F.2d 692, 698 (7th Cir. 1985) ("Fraud on the court involves a particular type of fraud which is 'directed to the judicial machinery itself,' and which involves circumstances where the

4

impartial functions of the court have been directly corrupted.") (internal citation omitted). The fact that someone in the clerk's office allegedly back-dated the September 28, 2012 response brief is not egregious conduct corrupting the judicial process nor does it show that Albarran had any personal involvement in a constitutional violation. *See Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) ("individual liability under § 1983 requires personal involvement in the alleged constitutional deprivation.") (citation, internal quotations omitted). The Court therefore grants Defendant Albarran's motion to dismiss Count V with prejudice.

### III. Claims Against Defendant Keith Brin — Counts VI and VII

In Counts VI and VII of his Complaint, Plaintiff sues Defendant Brin, the Clerk of the Circuit Court for the 19th Judicial Circuit, in his official capacity for violating his due process rights when Brin certified the trial court record on appeal to the Illinois Appellate Court. (Compl. ¶¶ 19, 75.) Plaintiff bases his claims against Brin on the fact that someone in the clerk's office allegedly back-dated the September 28, 2012 response brief and that Plaintiff requested the clerk's office to correct this alleged defect in the record on appeal.

"Because the Clerk of the Court is a member of the state government and not the local government, Eleventh Amendment immunity is triggered." *Farrar v. Glantz*, No. 00 C 0275, 2000 WL 574682, at *3 (N.D. Ill. May 9, 2000). And, as discussed above, the Eleventh Amendment "bars actions in federal court against a state, state agencies, or state officials acting in their official capacities." *Indiana Protection & Advocacy Servs.*, 603 F.3d at 370; *see also Snyder v. King,* 745 F.3d 242, 247 (7th Cir. 2014) ("State governments and State officials are not 'persons' within the ambit of Section 1983"). Because Brin was acting in his official capacity when he certified the record, he is protected by Eleventh Amendment immunity.

Even if Plaintiff had alleged a claim against Brin in his individual capacity, Plaintiff has failed to allege that Brin had any personal involvement in the deprivation of the alleged constitutional violations. *See Backes v. Village of Peoria Heights, Ill.,* 662 F.3d 866, 870 (7th Cir. 2011); *see also Vance v. Peters,* 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). Also, Plaintiff admits that Brin certified the record on appeal approximately one month before the Clerk's Office received Plaintiff's request to correct any defect concerning the September 28, 2012 response brief, thus vitiating Plaintiff's allegations that Brin acted knowingly, willfully, or recklessly when he certified the record for appeal. The Court therefore grants Brin's motion to dismiss Counts VI and VII with prejudice.

**Dated:** July 2, 2014

**AMY J. ST. EVE**
**United States District Court Judge**

5